**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JOHN DOUGAL, III,

Plaintiff,

-v- 9:26-CV-150 (AJB/DJS)

J. PEREZ *et al.*,

Defendants.

---

**Hon. Anthony Brindisi, U.S. District Judge:**

**ORDER ON REPORT & RECOMMENDATION**

On January 29, 2026, *pro se* plaintiff John Dougal, III ("plaintiff"), an individual in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), filed this 42 U.S.C. § 1983 action alleging that defendants were deliberately indifferent to his serious medical needs while he was being housed at Cayuga Correctional Facility. Dkt. No. 1. Along with his complaint, plaintiff moved for leave to proceed *in forma pauperis* ("IFP Application"), Dkt. Nos. 2, 3, and sought a preliminary injunction, Dkt. No. 4.

On March 2, 2026, the Court granted plaintiff's IFP Application, denied in part his motion for a preliminary injunction, dismissed certain claims, and concluded that plaintiff's individual-capacity § 1983 damages claims under the Eighth Amendment for deliberate medical indifference survived initial review and required a response from defendants Perez and Gee. Dkt. No. 5. Thereafter, defendant Perez answered the pleading. Dkt. No. 16. But defendant Gee moved to dismiss for lack of "personal involvement" or, in the alternative, for summary judgment based on

plaintiff's alleged failure to exhaust his administrative remedies, Dkt. No. 15. That motion was fully briefed. Dkt. Nos. 29, 30.[1]

On October 1, 2026, U.S. Magistrate Judge Daniel J. Stewart advised by Report & Recommendation ("R&R") that defendant Gee's motion to dismiss be granted. Dkt. No. 35. As Judge Stewart explained, plaintiff's complaint failed to plausibly allege that defendant Gee—the Superintendent of Cayuga Correctional Facility—had any "personal involvement" in the alleged events, as required for damages liability under § 1983. *See id.*

Neither party has lodged objections, and the time period in which to do so has expired. *See* Dkt. No. 35. Upon review for clear error, the R&R is accepted and will be adopted. *See* Fed. R. Civ. P. 72(b). The Court notes that this action remains pending against defendant Perez, who has answered the complaint. Dkt. No. 16.

Therefore, it is

ORDERED that

1. The Report & Recommendation (Dkt. No. 35) is ACCEPTED;
2. Defendant Gee's motion to dismiss (Dkt. No. 15) is GRANTED; and
3. Plaintiff's claims against defendant Gee are DISMISSED.

The Clerk of the Court is directed to terminate the pending motions and refer this matter to Judge Stewart for pre-trial supervision.

**IT IS SO ORDERED.**

Dated: October 23, 2026
Utica, New York.

Anthony J. Brindisi
U.S. District Judge

[1] While that motion was pending before the assigned magistrate judge, plaintiff moved for reconsideration and the appointment of counsel, Dkt. Nos. 9, 14. On June 3, 2026, the Court denied those motions—and what remained of plaintiff's request for a preliminary injunction—and denied as moot defendants' motion for an extension of certain deadlines. Dkt. No. 26.